UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL R. HALLIDAY, et al.,           )
                                                            )
                        Plaintiffs,                       )
                                                            )          Case No. 1:18-cv-44
v.                                                          )
                                                            )          Honorable Robert J. Jonker
JANE FRASER, et al.,                              )
                                                            )
                        Defendants.                      )
_____)

## **REPORT AND RECOMMENDATION**

This is a civil action brought *pro* se by Michael Halliday and Beverly Halliday.

The lawsuit stems from the mortgage foreclosure and October 12, 2017, sheriff's sale

of property located at 7974 Parkside Court, Jenison, Michigan.

On January 11, 2018, plaintiffs filed this lawsuit.[1]  Plaintiffs named Jane

Fraser,[2] Bill Beckman, Schneiderman & Sherman, P.C., Michigan's Secretary of

State Ruth Johnson, Ottawa County Sheriff Stephen Kempker, CitiMortgage, Inc.,

Mortgage Electronic Registration System (MERS), Comptroller of Currency Joseph

Otting, and Securities and Exchange Commissioner Jay Clayton.  Plaintiffs also

---

[1] Plaintiffs are not attorneys.  They are proceeding *pro se*.  Plaintiffs are limited to representing themselves on their own claims.  *See* 28 U.S.C. § 1654; *see also Belser v. Woods*, No. 2:16-cv-134, 2016 WL 6975936, at *5 (W.D. Mich. Nov. 29, 2016) (collecting cases).  To the extent plaintiffs raise allegations on behalf of others, they are disregarded.

[2] Ms. Jane Fraser's last name appears as "Frase" in plaintiffs' complaint.  The spelling of defendant's last name as it appears in her motion to dismiss (ECF No. 17, PageID.217) is used herein and the case caption has been corrected.

named Stephen Smith and "20 JOHN and JANE DOES" as defendants, but they have not been served with process or otherwise appeared in this lawsuit.

Plaintiffs' complaint is divided into nine counts:

I.      Violation of Federal and State Protections and Laws;

II.     Negligence/Breach of Fiduciary Duties;

III.    Breach of Contract—Note/Mortgage;

IV.     Unjust Enrichment;

V.      Fraud/Misrepresentation;

VI.     Intentional Infliction of Emotional Distress;

VII.    Civil Conspiracy;

VIII.   Racketeer Influenced Corrupt Organizations Act (RICO); and

IX.     Declaratory Judgment.

(Compl., ECF No. 1, PageID.14, 33, 36, 37, 39, 40, 50, 54). Plaintiffs lump all defendants together and fail to identify the specific claims they are asserting against each defendant. Plaintiffs ask this Court to "[v]acate any orders or rulings" made with regard to the property located at 7974 Parkside Ct., Jenison, [Michigan]." (*Id.* at PageID.56). They also seek an injunction staying "all actions" regarding the property. (*Id.* at PageID.3, 9).

The matter is now before the court on a Rule 12(b)(1) motion by Comptroller of Currency Otting and Securities and Exchange Commissioner Clayton, seeking dismissal of all plaintiffs' claims against them for lack of subject matter jurisdiction. (ECF No. 28). Rule 12(b)(6) motions to dismiss by all defendants except Sheriff

Kempker[3] and the unserved defendants are also before the Court.  (ECF No. 12, 15, 17, 28).  Plaintiffs oppose defendants' motions.  (ECF No. 18, 24, 25, 31, 34).

For the reasons stated herein, I recommend that all plaintiffs' claims against unserved defendants Stephen Smith and "20 JOHN and JANE DOES" be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.  I recommend that all plaintiffs' claims for damages against Michigan's Secretary of State Ruth Johnson in her official capacity be dismissed because they are barred by Eleventh Amendment immunity.  I recommend that the Rule 12(b)(1) motion to dismiss by Comptroller of Currency Otting and Securities and Exchange Commissioner Clayton (ECF No. 28) be granted and that all plaintiffs' claims against those defendants be dismissed for lack of jurisdiction.  I recommend that the Rule12(b)(6) motion by these defendants (ECF No. 28) be dismissed without prejudice.  I recommend that the other Rule 12(b)(6) motions (ECF No. 12, 15, 17) be granted, and that all plaintiffs' claims against defendants Fraser, Beckman, Schneiderman & Sherman, Michigan's Secretary of State Ruth Johnson, CitiMortgage, and MERS be dismissed.[4]

---

[3] Sheriff Kempker filed an answer to plaintiffs' complaint and affirmative defenses. (ECF No. 7).  The requests for dismissal appearing in his answer (*Id.* at PageID.103, 105) do not operate as a motion.  "A request for a court order must be made by motion." FED. R. CIV. P. 7(b)(1).  A motion must be accompanied by a supporting brief.  *See* W.D. MICH. LCIVR 7.1(a).  Plaintiffs' purported claims against Sheriff Kempker are not subject to screening under 28 U.S.C. § 1915(e)(2) because plaintiffs did not proceed *in forma pauperis.*

[4] If this report and recommendation is adopted in its entirety, plaintiffs' only remaining claims will be against Sheriff Kempker because he has not yet filed a motion seeking dismissal of plaintiffs' complaint under Rule 12(b)(6).

## I.    Subject Matter Jurisdiction

### A.    Standard of Review

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies outside this limited jurisdiction.'" *Vander Boegh v. EnergySolutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Vander Boegh*, 772 F.3d at 1064.

Rule 12(b)(1) provides for dismissal based on "lack of subject-matter jurisdiction."[5] FED. R. CIV. P. 12(b)(1).  The Sixth Circuit recognizes two types of 12(b)(1) motions: a "facial" attack challenging the sufficiency of the plaintiffs' factual allegations, in which all well-pleaded factual allegations in the complaint are taken as true; and a "factual" attack challenging the actual fact of subject-matter jurisdiction, which is analyzed under summary judgment standards. *See O'Bryan v. Holy See*, 556 F.3d 361, 375-76 (6th Cir. 2009).  Defendants are making a factual attack under Rule 12(b)(1).  The difference is significant, because under a factual challenge the district court is empowered to weigh the evidence, and no presumptions apply to the truth of plaintiffs' allegations. *See Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).  "In the case of a factual

---

[5] Defendants' motion is based on both Rules 12(b)(1) and 12(b)(6).  (ECF No. 29, PageID.534-35).  The Court is required to "consider the 12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).  This procedural order is significant because if a district court lacks jurisdiction, it need not assess the validity of a claim, since this determination is an exercise of jurisdiction in itself. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside the pleadings and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Cartwright v. Garner*, 751 F.3d 752, 759-60 (6th Cir. 2014).

B.    <u>Discussion</u>

Plaintiffs named United States Comptroller of Currency Joseph Otting and United States Securities and Exchange Commissioner Jay Clayton as defendants. Plaintiffs allege that they "requested the necessary and required oath and bonds from the Comptroller of Currency, which were never produced" and that they requested documentation from the Comptroller of Currency's office through FOIA, which was never produced. (Compl. ¶ 18, ECF No. 1, PageID.9). Plaintiffs allege that they "filed a complaint with the Securities Exchange Commission" and that they believe that "some or all of the Defendants may be participating in securities fraud, racketeering and criminal acts under RICO and Title 18 Sections 472, 473 and 474." (Compl. ¶ 20, ECF No. 1, PageID.9).

The defendants seek dismissal of all plaintiffs' claims against them for lack of subject matter jurisdiction.    Defendants have presented legal authority demonstrating that they are entitled to sovereign immunity and evidence that plaintiffs' claims do not fall within any waiver of sovereign immunity.[6] (Def. Brief at

---

[6] The Office of the Comptroller of the Currency maintains records regarding FOIA requests and FTCA claims made. There is no record of plaintiffs making FOIA requests or FTCA claims. (Vance Decl. ¶¶ 1-5, ECF No. 29-1, PageID.543-44; Cole

9-10, ECF No. 29, PageID.537-38).

Plaintiffs' response (ECF No. 31, 34) fails to engage the issue of subject matter jurisdiction.   Plaintiffs argue that they requested documentation from these defendants that would have shown that their debt had been discharged because the promissory note and mortgage had been separated and sold on the open market.[7] (Plf. Brief at 3. ECF No. 31, PageID.557).   They argue that by refusing to give them documents that were requested through FOIA defendants caused them damage within the foreclosure action.  (*Id.* at 4, PageID.558).

Plaintiffs' argument that the Comptroller of Currency and the SEC Commissioner should have received their FOIA requests does not approach satisfying plaintiffs' burden.  "Arguments in parties' briefs are not evidence."  *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006).  I recommend that defendants' Rule 12(b)(1) motion (ECF No. 28) be granted and that all plaintiffs' claims against these defendants be dismissed for lack of subject matter jurisdiction.

---

Decl.  ¶¶  1-4,  ECF No. 29-4, PageID.552-53).    The Securities and Exchange Commission (SEC) maintains records regarding FOIA requests and FTCA claims made.   There is no record of plaintiffs making FOIA requests or FTCA claims. (Livornsee Decl. ¶¶ 1-5, ECF No. 29-2, PageID.546-47; Wheat Decl. ¶¶ 1-4, ECF No. 29-3, PageID.549-50).

[7] "The courts have uniformly held [] that this 'separation' argument is unavailing to mortgagors trying to invalidate a mortgage written in favor of MERS, for the simple reason that there is no separation of the debt from the security.  The debt is held by the lender, and the security is held by the lender's nominee, MERS, as the lender's agent."  *Vespi v. Mortgage Electronic Registration Systems, Inc.*, No. 1:12-cv-858, 2012 WL 7006134, at *6 (W.D. Mich. Dec. 14, 2012).

C.    Diversity Jurisdiction

Plaintiffs invoke diversity jurisdiction under 28 U.S.C. § 1332.  (ECF No. 1, PageID.3).  Federal courts have original jurisdiction when there is diversity of citizenship and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a). Complete diversity must exist between all plaintiffs and all defendants.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Evanston Ins. Co. v. Housing Auth. of Somerset*, 867 F.3d 653, 656 (6th Cir. 2017).  Plaintiffs address only the amount in controversy (ECF No. 1, PageID.3) and ignore the complete diversity requirement.  It is patent that complete diversity is lacking.  Plaintiffs are Michigan residents and the defendants named in this lawsuit include Michigan's Secretary of State Ruth Johnson, Ottawa County Sheriff Stephen Kempker, and Schneiderman & Sherman, a Michigan law firm.  (ECF No. 1, PageID.5-8).  The Court cannot exercise diversity jurisdiction over any of the purported state-law claims listed in plaintiffs' complaint.  The exercise of jurisdiction over plaintiffs' claims under state law must be based on supplemental jurisdiction.[8]

---

[8] "Supplemental jurisdiction is a doctrine of discretion, not of ... right."  *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003).  If Sheriff Kempker had filed a Rule 12(b)(6) motion, the discussion herein would be limited to plaintiffs' federal claims and I would recommend that the Court decline to exercise supplemental jurisdiction over plaintiffs' purported state-law claims.  As a general rule, in cases in which a federal court dismisses all federal claims, it will decline to exercise supplemental jurisdiction over the plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010).

## II.      Rule 12(b)(6) Motions

### A.      Applicable Standard

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*,

552 F.3d at 434.  "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

 *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even the lenient treatment generally *given pro se* pleadings has its limits, however.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678).  "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]' " *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

 B.    <u>Allegations</u>

 On February 25, 2005, plaintiffs, Michael R. Halliday and Beverly E. Halliday, purchased a parcel of residential property at 7974 Parkside Court, Jenison, Michigan. (Compl. ¶ 1, ECF No. 1, PageID.5).  Plaintiffs obtained a mortgage loan from Heritage National Mortgage Corporation.  To secure the loan, plaintiffs executed a Promissory Note and a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for Heritage National Mortgage Corporation and its

successors and assigns.  The Mortgage was in the amount of $435,000.  (ECF No. 17-2, PageID.255-70).  Bill Beckman is the Chief Executive Officer (CEO) of MERS.  (Compl. at 4-5, ECF No. 1, PageID.4-5).  Plaintiffs allege that Heritage National Mortgage Corporation did not disclose that they were going to "fractionalize and monetize" the Promissory Note and Mortgage.  (*Id.* at 6-7, PageID.6-7).

On July 17, 2009, MERS assigned the Mortgage to CitiMortgage.  (ECF No. 17-3, PageID.272-74).  Jane Fraser is CitiMortgage's CEO.  (Compl. at 4-5, ECF No. 1, PageID.4-5).  On May 24, 2017, CitiMortgage assigned the Mortgage to "Banc of America Funding Corporation Mortgage Pass-through Certificates Series 2005-5, U.S. Bank National Association, as trustee, successor in interest to Wachovia Bank, National Association, as trustee."  (ECF No. 17-4, PageID.276).

On February 24, 2017, Mr. Halliday mailed to CitiMortgage papers labeled as a "DEMAND UNDER FDCPA." He demanded that CitiMortgage answer a list of 43 questions and indicated that once he had answers to these questions he might have follow-up questions.  (ECF No. 25-2, PageID.440-44).  Plaintiffs did not allege when they stopped making payments on the loan.  Plaintiffs received notice in April 2017, that their loan was in default.  On July 27, 2017, CitiMortgage  sent plaintiffs a letter indicating that, unless they took action, the property would be referred for foreclosure.  (ECF No. 25-2, PageID.501-02).

On July 31, 2017, plaintiffs mailed a "DEMAND UNDER FDCPA AND IMMEDIATE STAY OF ANY ACTIONS" to CitiMortgage.  (*Id.* at PageID.445-71).

On August 21, 2017, Schneiderman & Sherman mailed a letter to plaintiffs

indicating that it was attempting to collect a debt.  (Compl. ¶¶ 1, 4, ECF No. 1, PageID.5-6; ECF No. 15-2, PageID.160-64; ECF No. 25-2, PageID.499-500).   The letter advised plaintiffs that their mortgage loan was in default, it had been accelerated to maturity, and that the matter had been referred to the law firm for foreclosure and/or alternatives to foreclosure.  (ECF No. 15-2, PageID.160).  The law firm indicated that it was providing information to plaintiffs as required under the Fair Debt Collection Practices Act.  As of the date of the letter, the entire debt due and owing on plaintiffs' mortgage loan, including principal balance, unpaid interest and any advances, was $373,136.78.  (*Id.*).  The debt was owed to "Banc of America Funding Corporation Mortgage Pass-through Certificates Series 2005-5, U.S. Bank National Association, as trustee, successor in interest to Wachovia Bank, National Association, as trustee."  (*Id.* at PageID.161).  The mortgage loan was serviced by CitiMortgage.  (*Id.*).

The letter advised plaintiffs that, under 15 U.S.C. § 1692g(a)(3), they had the right to dispute the validity of the debt or any portion thereof, within thirty days after receipt of the notice.  The letter went on to list actions that the firm would take if plaintiffs timely disputed the debt.  The debt would be assumed valid if plaintiffs failed to dispute it in a timely fashion as provided by statute.  (ECF No. 15-2, PageID.161).  Plaintiffs allege that upon receipt of the notice they "immediately" requested validation of the alleged debt, but they did not provide specific dates on which they received the notice or made their written request.  (Compl. ¶ 4, PageID.5-6).

On September 14, 2017, Schneiderman & Sherman sent plaintiffs a notice of of the sheriff's sale and pending foreclosure.  The notice advised plaintiffs that October 12, 2017, was the date the property would be sold and further advised plaintiffs of their redemption period under Michigan law.  (ECF No. 25-2, PageID.504).

On September 27, 2017, plaintiffs mailed a "DEMAND UNDER FDCPA AND IMMEDIATE STAY OF ANY ACTIONS" to Schneiderman & Sherman and CitiMortgage.  The law firm received this document on September 29, 2017.  (ECF No. 15-3, PageID.166-90).  On October 4, 2017, Schneiderman & Sherman advised plaintiffs that their letter had not been submitted within the thirty-day period required under 15 U.S.C. § 1692g.  (ECF No. 15-4, PageID.192-93).

On October 10, 2017, Mr. Halliday sent a letter to Schneiderman & Sherman, demanding that the October 12, 2017, sale of the property be canceled.  He threatened to file a lawsuit.  (ECF No. 25-2, PageID.506).

On October 12, 2017, the property was sold at an Ottawa County sheriff's sale. (Compl. ¶ 6, ECF No. 1, PageID.6; ECF No. 15-5, PageID.195-203; ECF No. 17-5, PageID.278-86).

On January 11, 2018, plaintiffs filed this lawsuit.  (ECF No. 1).

C.    Unserved Defendants

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that

defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).
Plaintiffs filed their complaint on January 11, 2018.  (ECF No. 1).  More than ninety
days have passed, and defendants Stephen Smith and the twenty John and Jane Does
have not been served with process or otherwise appeared in this lawsuit.

I recommend that all plaintiffs' claims against unserved defendants Stephen
Smith and the twenty John and Jane Does be dismissed under Rule 4(m) for failure
to achieve service of process.  This report and recommendation serves as plaintiffs'
notice of impending dismissal.  *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*,
376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x 386, 393-
94 (6th Cir. 2008).

D.    Secretary of State Ruth Johnson

Michigan's Secretary of State Ruth Johnson argues that plaintiffs' purported
claims for damages against her in her official capacity are barred by Eleventh
Amendment immunity.  Plaintiffs' claims for declaratory and injunctive relief against
her in her official capacity do not fall within the exception recognized in *Ex Parte
Young*, 209 U.S. 123 (1908), because plaintiffs are not seeking prospective injunctive
relief.  Plaintiffs did not make any allegations against Secretary Johnson in her
individual capacity.  (ECF No. 13, PageID.119-21).  Plaintiffs' brief (ECF No. 18) fails
to address these arguments.

Plaintiffs' claims for damages against Secretary of State Johnson in her official
capacity are barred by Eleventh Amendment immunity.  The Eleventh Amendment
bars suit in federal court against a state and its departments or agencies unless the

state has waived its sovereign immunity or unequivocally consented to be sued.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).  Michigan has not consented to civil rights suits in federal court.  *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).  A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012).  Plaintiffs offer no argument as to how their claims for declaratory or injunctive relief against Secretary of State Johnson in her official capacity fall within the *Ex Parte Young* exception.

In addition, Secretary of State Johnson seeks dismissal under Rule 12(b)(6) because plaintiffs' conclusory allegations lack any factual content to plausibly suggest that she engaged in any particular misconduct.  (ECF No.  13, PageID.119-21). Plaintiffs' response (ECF No. 18) fails to address these foundational flaws in their complaint.  Instead, plaintiffs attach a document labeled as a Request under the Freedom of Information Act (ECF No. 18-3, PageID.359-60), and state that they would agree to dismiss Secretary of State Johnson as a defendant if she certified and produced the documents requested.  (*Id*. at PageID.351).  I find that plaintiffs' complaint fails to state a claim upon which relief can be granted against this defendant.  I recommend that Secretary of State Johnson's motion to dismiss (ECF No. 12) be granted.

E.    <u>CEOs Jane Fraser and Bill Beckman</u>

Jane Fraser, CEO of CitiMortgage, and Bill Beckman, CEO of MERS, seek dismissal of all plaintiffs' claims against them under Rule 12(b)(6).  (Def. Brief at 11-13, ECF No. 17, PageID.237-39).

Plaintiffs argue that Ms. Fraser and Mr. Beckman "had a fiduciary responsibility to the stockholders[.]"  (Plf. Brief at 2, ECF No. 25, PageID.413). Plaintiffs do not allege that they are stockholders of CitiMortgage or MERS. Plaintiffs are proceeding *pro se* and are limited to representing themselves on their own claims.  *See* 28 U.S.C. § 1654.  For the same reason, plaintiffs cannot assert claims based on purported fiduciary duties "to all parties involved."  (Plf. Brief at 2, ECF No. 25, PageID.413).  Defendants Fraser and Beckman did not owe plaintiffs any fiduciary duties.  *See Gathing v. MERS, Inc.*, No. 1:09-cv-07, 2010 WL 889945, at *20 (W.D. Mich. Mar. 10, 2010).

Plaintiffs invoke 12 U.S.C. § 72, which identifies the qualifications required for directors of national banks, and 12 C.F.R § 7.2013, which contains provisions regarding fidelity bonds of officers and employees of national banks and federal savings associations.  (Plf. Brief at 2, ECF No. 25, PageID.413).  The statute and code section cited do not create a private cause of action, however.  Moreover, these provisions do not apply to Mr. Beckman because MERS is not a national bank or federal savings association.

Defendants are correct that plaintiffs' complaint fails to allege any viable FDCPA claim against defendants Fraser and Beckman.  (Def. Brief at 14, ECF No. 17, PageID.240).  Alleging a legal conclusion that all defendants are debt collectors

does not suffice to state a claim on which relief can be granted.  Plaintiffs do not allege facts on which Ms. Fraser and Mr. Beckman could be considered debt collectors as defined by the FDCPA.  *See* 15 U.S.C. § 1692a(6); *see also Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017); *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 358-59 (6th Cir. 2012).

I recommend that defendants' Rule 12(b)(6) motion be granted and that all plaintiffs' claims against Ms. Fraser and Mr. Beckman be dismissed.

F.    <u>MERS</u>

Defendant MERS argues that it is entitled to dismissal of all plaintiffs' claims against it under Rule 12(b)(6).  MERS has had no involvement with the property since 2009, when it assigned the Mortgage to CitiMortgage.  MERS was not involved in the foreclosure.  (Def. Brief at 9-10, ECF No. 17, PageID.235-36).  MERS was not a debt collector under the FDCPA.  (*Id.* at 14-15, PageID.240-41).

Plaintiffs have not stated a claim against MERS under the FDCPA because it was not a debt collector as defined by the statute.  MERS obtained the debt when plaintiffs granted MERS the Mortgage as security for the loan.  The debt was not in default at the time MERS acquired it.[9]  *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d at 359; *see also McLaughlin v. Chase Home Fin. LLC*, 519 F. App'x 904, 909 (6th Cir. 2013) ("MERS 'obtained' the debt when the [plaintiffs] granted MERS the

---

[9] "MERS is a commercial company that provides to lenders a mortgage recording service." *Vespi v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 7006134, at *3.  "Over the [decades] that MERS has existed, borrowers who default on their loan obligations have attempted, without success, to attack the validity of the mortgage based on the involvement of MERS." *Id.* at *5.

Mortgage as security for Sallie Mae's loan to them.  At that time, the debt was not in default, so under the statute, MERS cannot be a debt collector.").

Plaintiffs' argument that MERS and other defendants lacked a certificate of authority to transact business in Michigan (Plf. Brief at 9-10, ECF No. 25, PageID.420-21) fails to state a claim.  "Michigan law provides that '[a] foreign corporation shall not transact business in this state until it has procured a certificate of authority to transact business from the administrator.' " *Crews v. Fannie Mae*, No. 2:11-cv-11656, 2012 WL 642067, at *5 (E.D. Mich. Feb. 8, 2012) (quoting MICH. COMP. LAWS § 450.2011).  The statute contains numerous exceptions, however.  For example, a foreign corporation is not considered to be transacting business in the state where it is only "[c]reating or acquiring indebtedness, mortgages, and security interests in real or personal property." MICH. COMP. LAWS § 450.2012(1)(g)).  Courts have rejected arguments that a foreclosure was invalid because the defendants did not have a certificate of authority to transact business in Michigan:

> Michigan law [] provides that a foreign corporation "is not considered to be transacting business in this state, for purposes of this act, solely because it is carrying on this state" one or more of various activities, including "[m]aintaining, defending, or settling any proceeding," "[c]reating or acquiring indebtedness, mortgages, and security interests in real or personal property," "[s]ecuring or collecting debts or enforcing mortgages and security interests in property securing the debts," and "[o]wning, without more, real or personal property."  MICH. COMP. LAWS § 450.2012(1)(a), (g), (h), (i).  Lending to plaintiff, acquiring plaintiff's mortgage through assignment, and enforcing their rights through the foreclosure by advertisement fall within these provisions, and thus even if defendants have not obtained a certificate to do business in Michigan they do not run afoul of § 450.2011

*Crews v. Fannie Mae*, 2012 WL 642067, at *5.

Plaintiffs' argument that the Mortgage and Note were unenforceable because they had been "securitized" (Compl. ¶¶ 120-24, ECF No. 1, PageID.34-35; Plf. Brief at 12-23, ECF No. 25, PageID.423-34) is untenable.  Federal courts have consistently rejected securitization-based challenges.  *See Thompson v. Bank of Am.*, N.A., 773 F.3d 741 (6th Cir. 2014); *Smith v. Litton Loan Servicing, L.P.*, 517 F. App'x 395 (6th Cir. 2013); *see also Nooh v. CIT Group Consumer Fin., Inc.*, No. 17-2833, 2018 WL 3056698, at *6 (W.D. Tenn. Apr. 5, 2018) ("[T]he Sixth Circuit has thoroughly addressed and rejected claims based on securitization of loans.").  "[S]ecuritization of a note does not alter the borrower's obligation to repay the loan.  Securitization is a separate contract, distinct from the borrower's debt obligations under the note.  This means that payments related to the securitization of a note do not function to satisfy the borrower's mortgage obligations." *Thompson*, 773 F.3d at 749 (citing *Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014)).  "There is no fraud or illicit taint to a mortgage transaction that arises from subsequent securitization of a mortgage transaction." *Starkey v. Bank of Am., N.A.*, No. 3:17-cv-511, 2018 WL 3872193, at *4 (M.D. Tenn. Aug. 15, 2018).

Plaintiffs have no claim against MERS stemming from the foreclosure.  *See Golliday v. Chase Home Fin., LLC*, No. 1:10-cv-532, 2011 WL 4352554, at *9 (W.D. Mich. Aug. 23, 2011).  As noted above, MERS did not initiate or participate in the foreclosure proceedings against the property.

I recommend that defendant's Rule 12(b)(6) motion be granted and that all plaintiffs' claims against MERS be dismissed for failure to state a claim upon which relief can be granted.

G.    CitiMortgage

CitiMortgage argues that plaintiffs' claims against it should be dismissed for failure to state a claim upon which relief can be granted.  (Def. Brief at 10, ECF No. 17, PageID.236).  "The only allegation that specifically identifies [CitiMortgage] states only that [CitiMortgage] 'had not properly registered with the Sec. of State' and could not have commenced an action within the State of Michigan.' "[10]   (Id.) (citing Compl. ¶ 24, ECF No. 1, PageID.10).   CitiMortgage did not institute foreclosure proceedings and it did not "commence an action" in Michigan.  (Id.) (citing ECF No. 17-5, PageID.278).  Plaintiffs' brief (ECF No. 25, PageID.408-34) fails to address these arguments.   I recommend that all plaintiffs' claims against CitiMortgage be dismissed for failure to state a claim upon which relief can be granted.

H.    Schneiderman & Sherman

Schneiderman & Sherman seeks dismissal of all plaintiffs' claims against it under Rule 12(b)(6).  (ECF No. 15).

---

[10] Public records show that CitiMortgage has been a qualified corporation in the State of Michigan since 2005 and that it holds a valid certificate of authority to transact business in Michigan.  (ECF No. 17-6, PageID.288).

1.    Violation of Federal and State Protections and Laws

Count I of plaintiffs' complaint is labeled as "Violation of Federal and State Protections and Laws." (Compl. at PageID.14). Plaintiffs' purported state law claims in Count I require very little discussion. The only state laws mentioned are the Ohio Consumer Sales Practices Act and other unspecified Ohio law.[11] (Compl. ¶ 55, ECF No. 1. PageID.14-15). This appears to be a vestige of some other lawsuit. There are no factual allegations connecting this lawsuit to Ohio. All plaintiffs' purported state-law claims in Count I against the moving defendants should be dismissed for failure to state a claim.

On plaintiffs' FDCPA claim, Schneiderman & Sherman argues that plaintiffs did not seek validation of the debt within the thirty-day period provided by 15 U.S.C. § 1692g(b). (Def. Brief at 3-7, ECF No. 15, PageID.138-42). Plaintiffs' response fails to identify any factual allegations in their complaint that would place their written request to the debt collector for validation of the debt within the thirty-day period specified by statute. (Plf. Brief at 7-9, ECF No. 24, Page ID.387-89).

" 'Under section 1692g(b) a consumer must dispute a debt in writing, within an initial thirty-day period, in order to trigger a debt validation process.' " *Daniel v. West Asset Mgmt., Inc.*, No. 12-12851, 2011 WL 5142980, at *4 (E.D. Mich. Oct. 28, 2011) (quoting *Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st Cir. 1998)). "The consumer's rights (to validation of the debt) and the collector's responsibilities

---

[11] The vague references throughout plaintiffs' pleading to other unspecified laws, rules and regulations are ineffectual.

(to validate the debt and cease collection activities) are not triggered unless the consumer files a request for validation within thirty days of receiving notice of the debt." *Lippa v. Asset Acceptance, LLC*, 572 F. Supp. 2d 841, 854 (E.D. Mich. 2008). The complaint must plead facts providing a chronology indicating that the written request to the debt collector for validation was made within the thirty-day period. *Id.*; *see* 15 U.S.C. § 1696g(b).  Where a written request for validation is untimely, the party is not entitled to the protections provided by 15 U.S.C. § 1692g(b).  *See Campbell v. Credit Bureau Systems, Inc.*, 655 F. Supp. 2d 732, 743-44 (E.D. Ky. 2009). "Under the Act, the debt collector's obligation to verify the debt is explicitly contingent upon the debtor making a request for validation within thirty days of receiving notice of the debt." *Moore v. Ocwen Loan Servicing, LLC*, No. 15-cv-14294, 2016 WL 3522313, at *2 (E.D. Mich. June 28, 2016).

Although plaintiffs' complaint lists other FDCPA provisions and other federal statutes, plaintiffs did not provide factual allegations supporting claims against Schneiderman & Sherman or any other defendant.  (Def. Brief at 7-9, ECF No. 15, PageID.142-44).  Legal conclusions are not sufficient to state a claim.[12]  *Iqbal*, 556

---

[12] Plaintiffs' vague references to "other applicable Ohio and federal law" (Compl. ¶55, PageID.14-15), "other applicable law and equitable principles" (*Id.* at ¶ 59, PageID.15), "all other applicable deferral and state laws and equity" (*Id.* at ¶ 60, PageID.15), "other related and applicable statutes, administrative codes, policies, practices, law and otherwise" (*Id.* at ¶ 65, PageID.16), and "all other applicable law[s], rules, and regulations" (*Id.* at ¶¶ 66, 73, 74, PageID.16, 19) fail to state a claim on which relief can be granted against any defendant.  *See Vespi v. Mortgage Electronic Registration Systems, Inc.,* 2012 WL 7006134, at *2; *see also Hunter v. Travelers, a Geico Ins. Agency, Inc.*, No. 1:14-cv-2003, 2014 WL 12284042, at *5 (N.D. Ga. Nov. 20, 2014).

U.S. at 677-78; *see Karmol v. Ocwen Loan Servicing, LLC*, No. 1:16-cv-1178, 2016 WL 7188742, at *2 (W.D. Mich. Dec. 11, 2016); *see also Zakrajsek v. Mortgage Electronic Registration Sys.*, No. 1:16-cv-1085, 2017 WL 3438568, at *6 (N.D. Ohio Aug. 10, 2017).

Plaintiffs argue that the law firm went beyond its authority and it "should have looked into the matter further before having a sheriff's sale." (Plf. Brief at 23, ECF No. 24, PageID.403). The law firm did not represent plaintiffs and did not owe them any fiduciary duties. *See Vespi v. Mortgage Electronic Registration Systems, Inc.*, 2012 WL 7006134, at *3. Plaintiffs' "unilateral attempts to cancel the Note and Mortgage were of no legal effect." *Morton v. Bank of America, N.A.*, No. 1:12-cv-511, 2013 WL 6491089, at *7 (W.D. Mich. Dec. 10, 2013).

2.    Negligence and Breach of Fiduciary Duty

Count II of plaintiffs' complaint is labeled "Negligence/Breach of Fiduciary Duties." (Compl. ¶¶ 115-31, ECF No. 1, PageID.33-36). Plaintiffs have not alleged facts sufficient to establish that any of the moving defendants were negligent or owed them fiduciary duties. "In Michigan, 'a fiduciary relationship arises from the reposing of faith, confidence, and trust and the reliance of one on the judgment and advice of another.' " *Adams v. JP Morgan Chase Bank, N.A.*, No. 15-12788, 2016 WL 3087701, at *7 (E.D. Mich. June 2, 2016) (quoting *Teadt v. Lutheran Church Mo. Synod*, 603 N.W.2d 816, 823 (Mich. Ct. App. 1999)). In the case of the relationship between a mortgagor and a mortgagee, there is not generally a fiduciary relationship and a plaintiff must plead some sort of special circumstances to avoid the general rule. *See*

*Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012); *In re Sallee*, 286 F.3d 878, 893 (6th Cir. 2002).  "[W]hen the duties owed to a plaintiff arise solely out of the parties' contractual relationship and not from any independent legal obligation, there is no cause of action for tort claim."  *Roche v. Citimortgage, Inc.*, No. 14-cv-11424, 2016 WL 5661580, at *3 (E.D. Mich. Sept. 30, 2016) (citing *Rindaldo's Const. Corp. v. Mich. Bell Tell. Co.*, 559 N.W.2d 647 (Mich. 1997)).

As previously indicated, Schneiderman & Sherman did not have an attorney-client relationship with plaintiffs and "owed no duty to [p]laintiffs.  Plaintiffs cannot sustain a negligence claim without establishing a duty."  *Roche*, 2016 WL 5661580, at *3.  Plaintiffs provide no legal authority for their assertion that defendants owed them fiduciary duties, and mere conclusory statements are not sufficient to survive a motion to dismiss.  *See Adams v. JP Morgan Chase Bank, N.A.*, 2016 WL 3087701, at *7 (citing *Ashcroft v. Iqbal*, 556 U.S. at 678).

### 3.    Breach of Contract – Note/Mortgage

Count III of plaintiffs' complaint is labeled "Breach of Contract – Note/Mortgage."  (Compl. ¶¶ 132-37, ECF No. 1, PageID.36-37).  Plaintiffs allege a conclusion that "each applicable Defendant materially and substantially breached the written, extended and/or implied terms, obligations and conditions, if any, in the Note and or Mortgage."  (*Id.* at ¶ 133, PageID.36).  Conclusory allegations, unsupported by specific facts fail to state a claim for breach of contract.  *See Alshaibani v. Litton Loan Servicing, LP*, 528 F. App'x 462, 464-65 (6th Cir. 2013); *Karmol v. Ocwen Loan Servicing*, LLC, No. 1:16-cv-1178, 2016 WL 7188742, at *2

(W.D. Mich. Dec. 11, 2016); *see also Wells Fargo Home Mortg., Inc.*, No. 17-13652, at *10 (E.D. Mich. Feb. 13, 2018) (Plaintiffs failed to state a claim for breach of contract premised on the mortgage or note where they failed to identify the specific terms of the contract allegedly breached.) (collecting cases).  I find that plaintiffs' complaint fails to allege facts sufficient to state a breach of contract claim against any defendant.

### 4.    Unjust Enrichment

In Count IV, plaintiffs claim unjust enrichment.  (Compl. ¶¶ 138-41, ECF No. 1, PageID.37).  Plaintiffs' unjust enrichment claims fail as a matter of law because an express contract relating to the disputed subject matter exists between the parties.

In order to sustain a claim of unjust enrichment under Michigan law, a plaintiff must establish: (1) the receipt of a benefit by the defendant from the plaintiff; and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant.  *Bell Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 478 (2003).  If the plaintiff establishes these elements, "the law will imply a contract in order to prevent unjust enrichment."  *Id.*  "However, a contract will be implied only if there is no express contract covering the same subject matter."  *Id.*  Here, plaintiffs executed two contracts related to the subject matter of their claim: the Note and the Mortgage. *See, e.g., Cotter v. U.S. Bank, N.A.*, No. 2:16-cv-13080, 2017 WL 1734058, at *3 (E.D. Mich. Apr. 4, 2017); *Mohlman v. Long Beach Mortg.*, No. 12-10120, 2013 WL 490112, at *3 (E.D. Mich. Feb. 8, 2013) (finding that the existence of a note and mortgage was sufficient to bar a claim for unjust enrichment).  Claims of unjust enrichment cannot

proceed where there is an express contract covering the subject matter. *See Skaggs v. Nationstar Mortgage, LLC*, No. 1:16-cv-1048, 2017 WL 1371077, at *5 (W.D. Mich. Apr. 17, 2017); *Coleman v. Ditech Fin.*, No. 16-cv-11124, 2016 WL 3522556, at *5 (E.D. Mich. June 24, 2016); *Mohlman v. Deutsche Bank Nat'l Trust Co.*, No. 15-11085, 2016 WL 8839592, at *8 (E.D. Mich. Jan. 11, 2016); *Baumgartner v. Wells Fargo Bank, N.A.*, No. 11-cv-14065, 2012 WL 2223154, at *8 (E.D. Mich. June 15, 2012).  I find that plaintiffs' purported claims for unjust enrichment fail to state a claim upon which relief can be granted.

### 5.    Fraud

In Count V, plaintiffs claim fraud.  (Compl. ¶¶ 142-48, ECF No. 1, PageID.37-39).  Fraud must be pleaded with particularity.  FED. R. CIV. P. 9(b).  In the Sixth Circuit, to meet the requirements that Rule 9(b) of the Federal Rules of Civil Procedure impose on fraud claims, a plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation and quotation omitted).  The particularity requirement means that plaintiffs must specify the contents of the allegedly fraudulent statements and explain why they were fraudulent.  *Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 752 (6th Cir. 2012); *Skaggs v. Nationstar Mortgage*, LLC, No. 1:16-cv-1048, 2017 WL 1371077, at *5 (W.D. Mich. Apr. 17, 2017).

"To establish a claim for fraud under Michigan law, the plaintiff must show six elements: (1) the defendant made a material representation; (2) that was false;

(3) when the representation was made, the defendant knew it was false, or made the representation recklessly, without any knowledge of its truth and as a positive assertion; (4) that the defendant made the representation with the intention that the plaintiff should act on it; (5) the plaintiff acted on the representation; and (6) the plaintiff suffered an injury as a result." *Molotky v. Wells Fargo Bank, N.A.*, No. 1:15-cv-769, 2018 WL 2197736, at *5 (W.D. Mich. Apr. 13, 2018) (citing *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012)).

I find that plaintiffs' conclusory allegations of fraud fail to state a claim upon which relief can be granted against any defendant.

### 6.    Intentional Infliction of Emotional Distress

In Count VI, plaintiffs claim intentional infliction of emotional distress. (Compl. ¶¶ 149-61, ECF No. 1, PageID.39-40).  Intentional infliction of emotional distress requires four elements under Michigan law: "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Ruffin-Steinback v. dePasse*, 267 F.3d 457, 464 (6th Cir. 2001) (citing *Andrews v. Prudential Secs., Inc.*, 160 F.3d 304, 309 (6th Cir. 1998)).  "Liability for such a claim has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Dotson v. Norfolk S. R.R. Co.*, 52 F. App'x 655, 660 (6th Cir. 2002) (quoting *Teadt v. St. John's Evangelical Church*, 603 N.W.2d 816, 823-24 (Mich. Ct. App. 1999).

Here, plaintiffs label defendants' conduct as "extreme" and "outrageous," but they provide no factual allegation regarding any defendant's conduct that satisfies the pleading standards for intentional infliction of emotional distress. *See Gooch v. Accredited Home Lenders,* No. 1:14-cv-689, 2015 WL 5097619, at * 8-9 (W.D. Mich. Aug. 28, 2015).

### 7. Civil Conspiracy

In Count VII, plaintiffs claim civil conspiracy. (Compl. ¶¶ 162-86, ECF No. 1, PageID.40-50). " '[A] claim for civil conspiracy cannot exist in the air; rather, it is necessary to prove a separate, actionable tort.' " *Thill v. Ocwen Loan Servicing, LLC,* 8 F.Supp.3d 950, 957 (E.D. Mich. 2014) (quoting *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 670 N.W.2d 569, 580 (Mich. Ct. App. 2003)). Because plaintiffs failed to plead a separate actionable tort their civil conspiracy claims should also be dismissed. *Id.*; *see Leaf v. Refn*, No. 17-1959, __ F. App'x __, 2018 WL 3409659, at * 7 (6th Cir. July 12, 2018) ("Because [plaintiff] failed to state a claim upon which relief could be granted as to any section of the MCPA, the derivative conspiracy claim is also dismissed.").

### 8. RICO

In Count VIII, plaintiffs claim civil RICO violations. (Compl. ¶¶ 187-202, ECF No. 1, PageID.50-54). "To state a claim for a RICO violation, a plaintiff must allege: '1) that there were two or more predicate offenses; 2) that an "enterprise" existed; 3) that there was a nexus between the pattern of racketeering activity and the enterprise; and 4) that an injury to business or property occurred as a result of the above three factors.' " *Brown v. Burch, Porter & Johnson, PLLC*, No. 15-6242/6243,

2016 WL 9448027, at *2 (6th Cir. Nov. 21, 2016) (quoting *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000), *abrogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008)).

Plaintiffs allege that defendants committed the predicate acts of mail and wire fraud, in violation of 18 U.S.C. §§ 1341 and 1343. (Compl. ¶ 197, ECF No. 1, PageID.51). As with their fraud claim discussed above, plaintiffs' allegations in this regard must satisfy Rule 9(b)'s heightened pleading standards. *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 404 (6th Cir. 2012). Plaintiffs' allegations, which are nothing more than conclusory statements of fraud, fall far short of satisfying Rule 9(b). *See Molotky v. Wells Fargo Bank, N.A.*, No. 1:15-cv-769, 2018 WL 2197736, at *7 (W.D. Mich. Apr. 13, 2018); *McVoy v. Deutsche Bank Nat'l Trust Co.*, No. 1:17-cv-447, 2018 WL 3029087, at *3 (W.D. Mich. Feb. 1, 2018). I find that plaintiffs have not alleged facts sufficient to support a RICO claim against any defendant. I recommend that all plaintiffs' RICO claims be dismissed for failure to state a claim upon which relief can be granted.

### 9.    Declaratory Judgment

Count IX of the complaint is labeled Declaratory Judgment. (Compl. ¶¶ 203-09, ECF No. 1, PageID.54-56). A claim for a declaratory judgment is not an independent cause of action. *See Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Because plaintiffs have not alleged any viable substantive claim, there is no foundation for fashioning any remedy and Count IX fails to state a claim upon which relief can be

granted. *See, e.g.*, *McClain v. Deutsche Bank Nat'l Trust Co.*, No. 18-10452, 2018 WL 2560418, at *4-5 (E.D. Mich. June 4, 2018); *Best v. Ocwen Loan Servicing, LLC*, No. 15-cv-13007, 2016 WL 125875, at *4 n.2 (E.D. Mich. Jan. 12, 2016).

## <u>Recommended Disposition</u>

For the reasons stated herein, I recommend that all plaintiffs' claims against unserved defendants Stephen Smith and "20 JOHN and JANE DOES" be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. I recommend that all plaintiffs' claims for damages against Michigan's Secretary of State Ruth Johnson in her official capacity be dismissed because they are barred by Eleventh Amendment immunity. I recommend that the Rule 12(b)(1) motion to dismiss by Comptroller of Currency Otting and Securities and Exchange Commissioner Clayton (ECF No. 28) be granted, and that all plaintiffs' claims against those defendants be dismissed for lack of jurisdiction. I recommend that the Rule12(b)(6) motion by these defendants (ECF No. 28) be dismissed without prejudice. I recommend that the other Rule 12(b)(6) motions (ECF No. 12, 15, 17) be granted and that all plaintiffs' claims against defendants Fraser, Beckman, Schneiderman & Sherman, Michigan's Secretary of State Ruth Johnson, CitiMortgage, and MERS be dismissed

If this report and recommendation is adopted in its entirety, plaintiffs' only remaining claims will be against Sheriff Kempker because he has not yet filed a motion seeking dismissal of plaintiffs' complaint under Rule 12(b)(6).

Dated:   September 3, 2018                    /s/  Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).