UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MICHAEL R. HALLIDAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | )   Case No. 1:18-cv-44 |
| v. | ) |
| | )   Honorable Robert J. Jonker |
| SHERIFF STEPHEN KEMPKER, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro se* by Michael Halliday and Beverly Halliday. The lawsuit stems from the mortgage foreclosure and October 12, 2017, sheriff's sale of property located at 7974 Parkside Court, Jenison, Michigan.

On September 27, 2018, the Court entered an order (ECF No. 41) approving and adopting a September 3, 2018, report and recommendation (ECF No. 36) and dismissing all plaintiffs' claims except their claims against Sheriff Kempker. The claims against Sheriff Kempker were not addressed at that time because he had not yet filed a Rule 12(b)(6) motion.

The matter is now before the Court on Sheriff Kempker's Rule 12(b)(6) motion. (ECF No. 37). Plaintiffs did not file a response.[1] I recommend that the Court grant Sheriff Kempker's motion and enter a judgment dismissing all plaintiffs' claims with prejudice.

## **Applicable Standard**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting

---

[1] Plaintiffs' response was due within 28 days after service of defendant's motion. W.D. MICH. LCIVR 7.2(c).

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally *given pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

## Allegations

On February 25, 2005, plaintiffs, Michael R. Halliday and Beverly E. Halliday, purchased a parcel of residential property at 7974 Parkside Court, Jenison, Michigan. (Compl. ¶ 1, ECF No. 1, PageID.5).  Plaintiffs obtained a mortgage loan from Heritage National Mortgage Corporation.  To secure the loan, plaintiffs executed a Promissory Note and a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS), solely as nominee for Heritage National Mortgage Corporation and its successors and assigns.  The Mortgage was in the amount of $435,000.  (ECF No. 17-2, PageID.255-70).  Bill Beckman is the Chief Executive Officer (CEO) of MERS. (Compl. at 4-5, ECF No. 1, PageID.4-5).  Plaintiffs allege that Heritage National Mortgage Corporation did not disclose that they were going to "fractionalize and monetize" the Promissory Note and Mortgage.  (*Id.* at 6-7, PageID.6-7).

On July 17, 2009, MERS assigned the Mortgage to CitiMortgage.  (ECF No. 17-3, PageID.272-74).  Jane Fraser is CitiMortgage's CEO.  (Compl. at 4-5, ECF No. 1, PageID.4-5).  On May 24, 2017, CitiMortgage assigned the Mortgage to "Banc of America Funding Corporation Mortgage Pass-through Certificates Series 2005-5, U.S. Bank National Association, as trustee, successor in interest to Wachovia Bank, National Association, as trustee."  (ECF No. 17-4, PageID.276).

On February 24, 2017, Mr. Halliday mailed to CitiMortgage papers labeled as a "DEMAND UNDER FDCPA." He demanded that CitiMortgage answer a list of 43 questions and indicated that once he had answers to these questions he might have follow-up questions.  (ECF No. 25-2, PageID.440-44).  Plaintiffs did not allege when

they stopped making payments on the loan. Plaintiffs received notice in April 2017, that their loan was in default. On July 27, 2017, CitiMortgage sent plaintiffs a letter indicating that, unless they took action, the property would be referred for foreclosure. (ECF No. 25-2, PageID.501-02).

On July 31, 2017, plaintiffs mailed a "DEMAND UNDER FDCPA AND IMMEDIATE STAY OF ANY ACTIONS" to CitiMortgage. (*Id.* at PageID.445-71).

On August 21, 2017, Schneiderman & Sherman mailed a letter to plaintiffs indicating that it was attempting to collect a debt. (Compl. ¶¶ 1, 4, ECF No. 1, PageID.5-6; ECF No. 15-2, PageID.160-64; ECF No. 25-2, PageID.499-500). The letter advised plaintiffs that their mortgage loan was in default, it had been accelerated to maturity, and that the matter had been referred to the law firm for foreclosure and/or alternatives to foreclosure. (ECF No. 15-2, PageID.160). The law firm indicated that it was providing information to plaintiffs as required under the Fair Debt Collection Practices Act. As of the date of the letter, the entire debt due and owing on plaintiffs' mortgage loan, including principal balance, unpaid interest and any advances, was $373,136.78. (*Id.*). The debt was owed to "Banc of America Funding Corporation Mortgage Pass-through Certificates Series 2005-5, U.S. Bank National Association, as trustee, successor in interest to Wachovia Bank, National Association, as trustee." (*Id.* at PageID.161). The mortgage loan was serviced by CitiMortgage. (*Id.*).

The letter advised plaintiffs that, under 15 U.S.C. § 1692g(a)(3), they had the right to dispute the validity of the debt or any portion thereof, within thirty days after receipt of the notice. The letter went on to list actions that the firm would take if plaintiffs timely disputed the debt. The debt would be assumed valid if plaintiffs failed to dispute it in a timely fashion as provided by statute. (ECF No. 15-2, PageID.161). Plaintiffs allege that upon receipt of the notice they "immediately" requested validation of the alleged debt, but they did not provide specific dates on which they received the notice or made their written request. (Compl. ¶ 4, PageID.5-6).

On September 14, 2017, Schneiderman & Sherman sent plaintiffs a notice of the sheriff's sale and pending foreclosure. The notice advised plaintiffs that October 12, 2017, was the date the property would be sold and further advised plaintiffs of their redemption period under Michigan law. (ECF No. 25-2, PageID.504).

On September 27, 2017, plaintiffs mailed a "DEMAND UNDER FDCPA AND IMMEDIATE STAY OF ANY ACTIONS" to Schneiderman & Sherman and CitiMortgage. The law firm received this document on September 29, 2017. (ECF No. 15-3, PageID.166-90). On October 4, 2017, Schneiderman & Sherman advised plaintiffs that their letter had not been submitted within the thirty-day period required under 15 U.S.C. § 1692g. (ECF No. 15-4, PageID.192-93).

On October 10, 2017, Mr. Halliday sent a letter to Schneiderman & Sherman, demanding that the October 12, 2017, sale of the property be canceled. He threatened

to file a lawsuit. (ECF No. 25-2, PageID.506).

On October 12, 2017, the property was sold at an Ottawa County sheriff's sale. (Compl. ¶ 6, ECF No. 1, PageID.6; ECF No. 15-5, PageID.195-203; ECF No. 17-5, PageID.278-86).

On January 11, 2018, plaintiffs filed this lawsuit. (ECF No. 1).

## **Discussion**

Sheriff Kempker seeks dismissal of plaintiffs' complaint under Rule 12(b)(6) on the grounds stated in the September 3, 2018, report and recommendation. (Defendant's Brief at 2-4, ECF No. 38, PageID.613-15).

Plaintiffs' pleading is unchanged. It is divided into nine counts:

I.   Violation of Federal and State Protections and Laws;

II.  Negligence/Breach of Fiduciary Duties;

III. Breach of Contract—Note/Mortgage;

IV.  Unjust Enrichment;

V.   Fraud/Misrepresentation;

VI.  Intentional Infliction of Emotional Distress;

VII. Civil Conspiracy;

VIII. Racketeer Influenced Corrupt Organizations Act (RICO); and

IX.  Declaratory Judgment.

(Compl., ECF No. 1, PageID.14, 33, 36, 37, 39, 40, 50, 54). All counts were addressed in the earlier report and recommendation because plaintiffs "lump[ed] all defendants together" and failed to specify the specific claims they were asserting

against each defendant. (Report and Recommendation, ECF No. 36, PageID.581).

I find that plaintiffs' complaint fails to state a claim against Sheriff Kempker for the reasons stated in the September 3, 2018, report and recommendation. (*See* ECF No. 36). Count I fails to state a claim for a violation of state laws because "the only state laws mentioned are the Ohio Consumer Sales Practices Act and other unspecified Ohio law. . . . There are no factual allegations connecting this lawsuit to Ohio." (*Id.* at PageID.599). Although plaintiffs' complaint lists provisions of the Fair Debt Collection Practices Act and other federal statutes, plaintiffs did not provide factual allegations supporting claims against Sheriff Kempker. "Legal conclusions are not sufficient to state a claim." (*Id.* at PageID.600). Count II fails to state a claim because plaintiffs have not alleged facts sufficient to establish that defendant was negligent or owed them fiduciary duties. (*Id.* at PageID.601-02). Count III fails to state a claim because plaintiffs' conclusory allegations fail to state a breach of contract claim against Sheriff Kempker. (*Id.* at PageID.602-03). Count IV fails to state a claim for unjust enrichment because there were express contracts regarding the subject matter. (*Id.* at PageID.603-04). Count V fails to state a claim because "[f]raud must pleaded with particularity" and plaintiffs' conclusory allegations do not suffice. (*Id.* at PageID.604-05). Count VI fails to state a claim "because plaintiffs provide no factual allegations regarding [] defendant's conduct that satisfies the pleading standards or intentional infliction of emotional distress." (*Id.* at PageID.605-06). Count VII fails to state a claim for civil conspiracy because "plaintiffs failed to plead a separate actionable tort[.]" (*Id.* at PageID.606). Count

VIII fails to state a civil RICO claim because plaintiffs' conclusory allegations of fraud as predicate acts fell far short of satisfying "Rule 9(b)'s heightened pleading standards." (*Id.* at PageID.607). Count IX fails to state a claim because "a claim for a declaratory judgment is not an independent cause of action." (*Id.* at PageID.607-08).

In addition, Sheriff Kempker claims entitlement to dismissal based on quasi-judicial immunity. He argues that "a sheriff acting under the foreclosure by publication statutory procedure should be viewed as much an officer of the court as a sheriff acting pursuant to the alternative statutory judicial order of foreclosure."[2] (Defendant's Brief at 6, ECF No. 38, PageID.617). Sheriff Kempker fails to cite any case where a court, applying Michigan law in the foreclosure by advertisement context, held that a sheriff was entitled to quasi-judicial immunity.[3] It is not necessary for the Court to decide the apparently novel question under Michigan law of whether quasi-judicial immunity provides an additional basis for granting defendant's Rule 12(b)(6) motion.

---

[2] A sheriff's sale conducted under Michigan's foreclosure by advertisement process is not state action. *Northrip v. Fed. Nat'l Mortg. Ass'n*, 527 F.2d 23, 26-30 (6th Cir.1975). "[A]lthough Michigan law regulates the process, the foreclosure remedy is created by the contract between mortgagor and mortgagee." *Letvin v. Lew*, 626 F. App'x 575, 578-79 (6th Cir. 2015).

[3] The absence of case law on this issue may stem from an available statutory protection. *See* MICH. COMP. LAWS § 691.1407(5); *see also Keys v. Central Mortg. Co.*, No. 13-cv-13818, 2014 WL 4897494, at *4 (E.D. Mich. Sept. 30, 2014) (holding that a sheriff conducting a foreclosure sale was entitled to immunity under MICH. COMP. LAWS § 691.1407(5) on state law tort claims); *Ellison v. JP Morgan Chase Bank*, No. 13-13121, 2013 WL 5913432, at *7 (E.D. Mich. Oct. 31, 2013) (same). Sheriff Kempker has not invoked MICH. COMP. LAWS § 691.1407(5).

## Recommended Disposition

For the reasons stated herein, I recommend that the Court grant Sheriff Kempker's Rule 12(b)(6) motion to dismiss (ECF No. 37) and enter a judgment dismissing all plaintiffs' claims with prejudice.


Dated:   October 23, 2018               /s/  Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge


## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).